UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


KEITH ANDRE TAYLOR          ]
    Plaintiff,              ]
                            ]
v.                          ]      No. 3;15-0599
                            ]      Judge Campbell
WARDEN LEIBACH, et al.      ]
    Defendants.             ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Blair Leibach, Warden of the prison, and three members of the MDCDF staff, seeking damages.

In December, 2014, the plaintiff was issued a disciplinary report charging him with being disrespectful to a female guard. Pending a disciplinary hearing, he was placed in segregation.

At the disciplinary hearing, the plaintiff was exonerated of the charge. As a consequence, he was released from segregation and placed back into the general prison population.

Shortly thereafter, the plaintiff was involved in a fight with another inmate. He was returned to segregation where he remained until his release back into the general prison population in March,

1

2015.

Two weeks later, for no cause at all, Warden Leibach ordered the plaintiff's return to segregation where he has remained until now. The plaintiff claims that his return to segregation constitutes a violation of the prohibition against double jeopardy because he was already punished for fighting with another inmate. He also claims that his confinement in segregation constitutes cruel and unusual punishment in violation of the Eighth Amendment.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, (1981).

The plaintiff believes that he has been made to suffer cruel and unusual punishment by his continued confinement in segregation. An Eighth Amendment claim will arise when the plaintiff has been denied basic human needs such as food, clothing, medical care, sanitation and personal safety, James v. Milwaukee County, 956 F.2d 696 (7th Cir.1992), or has otherwise been made to suffer in a manner that offends evolving standards of decency. Rhodes v. Chapman, 452 U.S. 337, 347-348 (1981).

In this case, the plaintiff has been held in continuous segregation for little more than two months. There is no suggestion that he, by his segregation, has been denied any basic human needs.

2

Thus, the plaintiff has not been forced to endure cruel and unusual punishment as a result of his segregation.

The plaintiff also claims that he has been twice punished for the same disciplinary infraction in violation of his Fifth Amendment right to be free from double jeopardy. Prison disciplinary proceedings are not part of a criminal prosecution. <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). Consequently, jeopardy does not attach during these proceedings and the prohibition against double jeopardy does not apply. *See* <u>Kerns v. Parratt</u>, 672 F.2d 690, 691-692 (8th Cir.1982).

In the absence of conduct in violation of federal law, the plaintiff is unable to prove every element of his cause of action. Thus, he has failed to state a claim upon which relief can be granted. Under such circumstances, a district court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Therefore, this action shall be dismissed.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge